# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DONOFRIO, on behalf of himself individually and on behalf of those similarly situated, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 2:18-cv-00599-AB |
| v. | : | |
| | : | |
| IKEA US RETAIL, LLC, | : | |
| Defendant. | : | |

**December 19, 2019**                                                                                 **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Frank Donofrio ("Donofrio") is a 56-year-old employee of Defendant IKEA US Retail, LLC ("IKEA"). Donofrio brings this collective action suit alleging that IKEA violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), by discriminating against him and other similarly situated employees on the basis of their age.[1] I conditionally certified the following collective action class: "Any current hourly retail non-management employee of IKEA who, since January 20, 2016, was age 40 or over and rejected for promotion to a management level position." *See* ECF No. 71.

IKEA seeks clarification of the class period. It wishes to modify the class definition to include an end date of November 15, 2016—the date Donofrio filed his discrimination charge with the EEOC—as the last day on which class members could have been rejected for promotion. *See* Mot. for Clarification 1-2, ECF No. 72. IKEA does not contest the class start date of January 20, 2016, which both parties agree is proper.

---

[1] Donofrio also brings claims under state law which are not before the Court on this motion.

I will grant in part and deny in part IKEA's Motion for Clarification. For the reasons explained below, the appropriate last day on which class members could have been rejected for promotion is the day the EEOC issued Donofrio a right-to-sue letter, November 29, 2017. I will modify the class definition to read: "Any current hourly retail non-management employee of IKEA who, between January 20, 2016 and November 29, 2017, was age 40 or over and was rejected for promotion to a management level position."

## I. PROCEDURAL BACKGROUND

On November 15, 2016, Donofrio filed a Charge of Discrimination with the EEOC. Compl. Ex. A. In the charge, he alleged that he was repeatedly denied promotions in favor of younger employees, that other employees were denied promotions in favor of younger employees, that IKEA had "a bias against older employees," *id.* ¶ 2(e), and that "other employees perceive [IKEA] to discriminate on the basis of age," *id.* ¶ 2(b). He specified that he brought the charge "as a class and pattern and practice Charge" on behalf of himself and other employees "who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions . . . ." On November 29, 2017, the EEOC closed its file on his charge and issued him a Notice of Right to Sue. Compl. Ex. B. On February 12, 2018, Donofrio timely filed a complaint with this court.

In a May 15, 2019 order, I granted conditional certification on Donofrio's proposed collective action class. The class definition in the order did not include an end date, meaning the last date on which class members could have been rejected for promotion. IKEA moved for clarification as to the class period. It argued that the appropriate end date for the class was the date Donofrio filed his discrimination charge with the EEOC (November 15, 2016). *See* Mot. for Clarification 1-2, ECF No. 72. Donofrio responded that the proper end date was the date I

granted conditional certification (May 15, 2019). *See* Opp. to Mot. for Clarification 5, ECF No. 74. I denied IKEA's Motion for Clarification and allowed the issue to be raised at a later stage in the lawsuit.

At the status conference on December 5, 2019, IKEA requested reconsideration of the class period before the parties send opt-in notification to class members. As opt-in notification will soon be mailed to class members, I now reconsider and will vacate my earlier order denying the Motion for Clarification.

## II. DISCUSSION

IKEA contends that the appropriate end date for the collective action class is the date Donofrio filed his charge with the EEOC, "because the temporal scope of a collective action is defined by the Plaintiff's charge" and an unlimited class would give "collective action plaintiffs *more* rights than Plaintiff Donofrio himself." Mot. for Clarification Reply Br. 1, ECF No. 75. Donofrio asserts that where an EEOC charge alleges ongoing class-based discrimination, the temporal scope of the action extends to the date of conditional certification because the charge has put the employer on notice of continuing discrimination. The temporal scope of the collective action is bounded by the representative plaintiff's charge, but that conclusion compels an end date of November 29, 2017, when the EEOC closed its file on Donofrio's charge and issued him a right-to-sue letter.

Before filing an ADEA lawsuit, plaintiffs ordinarily must exhaust their administrative remedies by filing a timely charge with the EEOC. *See* 29 U.S.C. § 626(d)(1). In Pennsylvania, they must file the EEOC charge within 300 days of the alleged unlawful practice. *See id.* § 626(d)(1)(B); *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382-83 (3d Cir. 2007). "[T]he purpose of

the EEOC filing . . . is to provide notice to the employer and an opportunity for conciliation." *Lusardi v. Lechner*, 855 F.2d 1062, 1077 (3d Cir. 1988).

The requirement that plaintiffs must file an EEOC charge has two exceptions relevant to this case: the "piggybacking rule" and the "new-acts exception." Under the piggybacking rule, class members share the temporal scope of Donofrio's charge even if they did not file their own EEOC charges. Under the new-acts exception, Donofrio's charge excuses him from filing further EEOC charges based on related "new acts which occurred during the pendency of proceedings before the Commission." *Robinson v. Dalton*, 107 F.3d 1018, 1025-26 (3d Cir. 1997). Class members are therefore also excused from exhausting their remedies for related acts that occurred during the EEOC proceedings. The class is defined by acts that are within the scope of Donofrio's charge: allegedly age-related failures to promote. Applying the new-acts exception together with the piggybacking rule makes sense because the two doctrines share the same rationale. They carve out exceptions to the administrative exhaustion requirement where new EEOC filings would not serve the requirement's notice-and-conciliation purposes.

### A. Piggybacking Rule

Opt-in plaintiffs in ADEA collective actions are excused from the administrative exhaustion requirement under the piggybacking rule (or "single-filing rule"). The rule allows opt-in plaintiffs who have not filed their own EEOC charges to "piggyback" onto a timely charge "if the original EEOC charge filed by the plaintiff who subsequently filed a [collective] action had alleged class based discrimination in the EEOC charge." *Commc'ns Workers of Am. v. New Jersey Dep't of Pers.*, 282 F.3d 213, 217 (3d Cir. 2002). The Third Circuit has adopted the EEOC's position that "a representative complaint meets the purpose of the EEOC filing, which is to provide notice to the employer and an opportunity for conciliation." *Lusardi*, 855 F.2d at

1077. "The principle behind the piggybacking rule is to give effect to the remedial purposes of the ADEA and to not exclude otherwise suitable plaintiffs from an ADEA [collective] action simply because they have not performed the useless act of filing a charge." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1103 (11th Cir. 1996) (internal quotation marks omitted).

Collective action class members who piggyback onto a plaintiff's charge are limited by the temporal scope of that charge. Otherwise, they are not merely piggybacking. The Third Circuit implicitly recognized this limitation when it described the "least restrictive view" of the piggybacking rule as allowing other plaintiffs to opt in when "they could have filed timely charges with the EEOC at the time [the original plaintiff] filed his charge." *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 52 (3d Cir. 1989) (adding the limitation that the original charge must include class-wide allegations). Indeed, the parties agree that the *start* date of the class is defined by the plaintiff's charge. The statute of limitations bars Donofrio from complaining about incidents that occurred more than 300 days before he filed his charge, and all class members are subject to that statute of limitations. The parties agree on the January 20, 2016 class start date because it is 300 days before Donofrio filed his EEOC charge. Similarly, the end date of the class must be defined by the plaintiff's charge. As IKEA points out, expanding the end date beyond the one that applies to Donofrio leads to the bizarre result that opt-in class members have more rights than Donofrio himself.

### B. New-Acts Exception

Under the new-acts exception, plaintiffs are not required to exhaust administrative remedies as to "new acts that occur during the pendency of the [EEOC] case which are fairly within the scope of an EEOC complaint or the investigation growing out of that complaint." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). "Where discriminatory actions continue

after the filing of an EEOC complaint, . . . the purposes of the statutory scheme are not furthered by requiring the victim to file additional EEOC complaints." *Id.* That is because "once the EEOC has tried to achieve a consensual resolution of the complaint, and the discrimination continues, there is minimal likelihood that further conciliation will succeed," and forcing complainants to file another EEOC charge delays when they can bring a civil suit based on that charge. *Id.* Under *Robinson v. Dalton*, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission." 107 F.3d at 1025-26 (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)).

The new-acts exception would allow Donofrio to bring unexhausted claims for age-related failures to promote that occurred during the pendency of the EEOC proceedings. The scope of the investigation that could reasonably be expected to grow out of Donofrio's charge encompasses age-related rejections from promotion. Donofrio alleged that he was repeatedly rejected for promotion and that IKEA's "comments and conduct evidence a bias against older employees." Compl. Ex. A. ¶ 2(e). It would be reasonable to expect the EEOC to investigate new failures to promote that occurred during the investigation.

### C. Applying the Doctrines Together

Under the piggybacking rule, the temporal scope that applies to Donofrio also applies to opt-in plaintiffs. Under the new-acts exception, Donofrio can bring unexhausted claims for acts that occurred during the pendency of the EEOC proceedings, as long as the EEOC investigation could be expected to encompass those acts. Taken together, the doctrines allow class members to bring unexhausted claims for acts that occurred during the pendency of the EEOC proceedings,

as long as the EEOC investigation could be expected to encompass those acts. The EEOC investigation could be expected to encompass class-wide, age-related rejections from promotion because Donofrio's charge alleged such class-wide discrimination. The class period therefore ends when the EEOC proceedings end.

Donofrio brought his charge "as a class and pattern and practice Charge" on behalf of older employees "who have been discriminated against based on age in connection with . . . promotion" decisions. Compl. Ex. A. He alleged that he and other older employees were rejected for promotion, that "other employees perceive [IKEA] to discriminate on the basis of age," and that IKEA's "comments and conduct evidence a bias against older employees." *Id.* ¶¶ 2(b), (e). It would be reasonable to expect the EEOC to investigate a broad and continuing pattern of age discrimination.[2] IKEA's reading of the charge as relating only to acts that had occurred when Donofrio filed the charge is unduly narrow, especially construing the charge liberally. *See Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 864 (3d Cir. 1977) (explaining "that EEOC charges should be liberally construed"). Both Donofrio and collective action class members can thus bring age-related failure-to-promote claims for new acts that occurred up to the date the EEOC closed Donofrio's case and issued him a Notice of Right to Sue.

Using the same end date under the piggybacking rule and the new-acts exception makes sense, because the doctrines share the same rationale. Both doctrines recognize that when the employer has already been put on notice of discrimination, it does not need to be put on notice again. A new EEOC charge putting it on notice of the very same discrimination is unnecessary. "The objective of the piggybacking rule is to allow non-filing plaintiffs to rely on the charges of

---

[2] Whether the EEOC did investigate a broad and continuing pattern of age discrimination does not affect the class members' rights. Plaintiffs can sue on unexhausted claims that the EEOC did not actually investigate, as long as the EEOC reasonably could have been expected to investigate those claims. *See Robinson*, 107 F.3d at 1026.

filing plaintiffs when it would be a 'useless act' for the non-filing plaintiffs to file their own charges." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1225 (11th Cir. 2001) (quoting *Grayson*, 79 F.3d at 1103). The act is "useless" when the original plaintiff has already put the employer on notice of class-wide discrimination. Likewise, the Third Circuit explained that the new-acts exception applied where "there was nothing to be served by requiring [plaintiff] to file a second complaint." *Robinson*, 107 F.3d at 1025. There was nothing to be served because the plaintiff had already put his employer on notice of discrimination. The employer does not need new notice until the original notice expires at the end of the EEOC proceedings. The exhaustion requirement is excused during that time for individual and opt-in plaintiffs alike.

IKEA improperly contends that the right end date is when Donofrio filed his charge, but that date fails to account for the new-acts exception. To support its proposal IKEA cites *Hipp*, in which the Eleventh Circuit held that the forward scope of the class in an ADEA collective action is the original plaintiff's EEOC-filing date. *See Hipp*, 252 F.3d at 1225. But the Eleventh Circuit had no occasion to consider the close of the EEOC proceedings as an alternative date. No party raised it, and the potential opt-in plaintiffs at issue in *Hipp* sought to sue over actions that occurred after the original plaintiff filed his *civil suit*—actions that necessarily arose after the EEOC investigation ended. *See id.* at 1224.

Donofrio argues that the class members' exhaustion requirement should be excused until the date of conditional certification. This argument fails for two reasons: It overstates the amount of time for which a single charge, such as Donofrio's, gives notice to an employer. It also ignores the efficiency rationale for the piggybacking rule. Donofrio reasons that because the purpose of the EEOC filing requirement is to give the employer notice of discrimination and an opportunity for conciliation, "in cases where the class-based charge includes allegations of an on-going

practice, . . . the temporal scope of the collective action would extend up to the date of conditional certification." Opp. to Mot. 8, ECF No. 74. In this understanding, the charge gives the employer perpetual notice and opportunity for conciliation. This is simply not the law under *Robinson*.

The new-acts exception to individual plaintiffs' exhaustion requirement indicates that the employer can be considered on notice of continuing discrimination until the close of the EEOC proceedings. The Third Circuit did not adopt the view that a single charge satisfies the notice-and-conciliation purposes forever. Rather, it excuses the exhaustion requirement for claims within the scope of the charge for "the pendency of proceedings before the Commission." *Robinson*, 107 F.3d at 1025-26.[3]

Similarly, extending the end date of the class until conditional certification, as Donofrio proposes, would contravene the efficiency justification for the piggybacking rule: that courts should "not exclude otherwise suitable plaintiffs from an ADEA [collective] action simply because they have not performed the useless act of filing a charge." *Grayson*, 79 F.3d at 1103 (internal quotation marks omitted). Requiring opt-in plaintiffs to file EEOC charges is only "useless" when the original plaintiff has already put the employer on notice of class-wide discrimination for that time period. New notice for that time period would be redundant. But when the original plaintiff's notice expires, new filings are not redundant. The notice from Donofrio's charge expires at the end of the EEOC proceedings; Donofrio himself would be required to file a new charge for discriminatory acts arising after the EEOC investigation closed. It would not be "useless" for opt-in plaintiffs to file charges for discriminatory acts that occurred after the investigation closed.

---

[3] Using the conditional certification date as the class end date would also encourage plaintiffs to delay conditional certification as long as possible.

## IV. CONCLUSION

Under the piggybacking rule, the collective action class members have the same temporal scope as Donofrio. Under the new-acts exception, Donofrio can bring unexhausted age-related claims for failures to promote that occurred during the pendency of the EEOC investigation. On the facts of this case and under the law of this circuit, the end date for the collective action class is November 29, 2017, the day the EEOC issued Donofrio a Notice of Right to Sue.

    _s/ANITA B. BRODY, J.____
    ANITA B. BRODY, J.

Copies **VIA ECF** on 12/19/19