# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DONOFRIO, on behalf of himself individually and on behalf of those similarly situated, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 2:18-CV-00599-AB |
| v. | : | |
| | : | |
| IKEA US RETAIL, LLC, | : | |
|     Defendant. | : | |

| | | |
|---|---|---|
| WILLIAM V. ANTONELLI, JR., on behalf of himself individually and on behalf of those similarly situated, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 2:19-CV-01286-AB |
| IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| BRANDON PAINE, on behalf of himself individually and no behalf of those similarly situated, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 2:19-CV-00723-AB |
| IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC, | : | |
|     Defendants. | : | |

**September 25, 2020**                                                                                          **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Frank Donofrio ("Donofrio") is a 56-year-old employee of Defendant IKEA US Retail, LLC ("IKEA"). Donofrio brought this collective action alleging that IKEA violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), by discriminating against him and other similarly situated employees on the basis of their age. In a May 15, 2019 order, I conditionally certified the collective action. *See* ECF No. 71 (*Donofrio*). On December 20, 2019, I approved Notice to the members of the collective class. *See* ECF No. 115 (*Donofrio*). On January 23, 2020, I approved the Joint Stipulation and Consent Order to conditionally certify and send notice in two related age discrimination cases, *Antonelli v. IKEA Holding US, Inc. et al.,* and *Paine v. IKEA Holding US, Inc., et al. See* ECF No. 36 (*Antonelli*); ECF No. 45 (*Paine*)[1]. The named plaintiffs in *Donofrio*, *Antonelli,* and *Paine* are represented by Console Mattiacci. This memorandum concerns all three collective actions. For simplicity, I will address all three collective actions as *Donofrio*.

Now, Donofrio moves to send a supplemental notice to unrepresented class members. The proposed notice instructs prospective class members to hire Console Mattiacci or their own attorney if they wish to continue to participate in the collective action. For the reasons explained below, I will grant the motion.

## I.  BACKGROUND

On November 15, 2016, Console Mattiacci on behalf of Donofrio, filed a Charge of Discrimination with the EEOC. Compl. Ex. A. In the charge, Donofrio alleged that he was repeatedly denied promotions in favor of younger employees, that other employees were denied

---

[1] The three collective actions have different operative dates and class definitions.

promotions in favor of younger employees, that IKEA had "a bias against older employees," *id.* ¶ 2(e), and that "other employees perceive [IKEA] to discriminate on the basis of age," *id.* ¶ 2(b). He specified that he brought the allegations "as a class and pattern and practice Charge" on behalf of himself and other employees "who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions. . . ." On November 29, 2017, the EEOC closed its file on Donofrio's charge and issued him a Notice of Right to Sue. Compl. Ex. B. On February 12, 2018, Donofrio timely filed his Complaint with this Court.

On May 15, 2019, I granted conditional certification on Donofrio's proposed collective action class. *See* ECF No. 71 (*Donofrio*). On December 20, 2019, after a revision of the definition of the proposed class, I approved Notice to the members of the collective class. *See* ECF No. 115 (*Donofrio*). The proposed notice that I approved informed prospective members of the class that they could choose to be represented by Console Mattiacci, or that they "may hire their own counsel or proceed without an attorney." *Id.*

After notice was sent to the *Donofrio* collective class, I approved the Joint Stipulation and Consent Order to conditionally certify the two related cases, *Antonelli v. IKEA* and *Paine v. IKEA*. *See* ECF No. 36 (*Antonelli*); ECF No. 45 (*Paine*). The notices for both the *Antonelli* and *Paine* collective classes included the same language on legal representation as the notice in *Donofrio*. Once the notices were sent, class members began to opt-in to the three collective class actions.

On April 27, 2020, prior to the end of the opt-in period, Console Mattiacci and counsel for IKEA submitted their Proposed Consolidated Joint Discovery Plan. *See* ECF No. 158 (*Donofrio*). At the time of the filing of the discovery plan, Console Mattiacci represented that

119 individuals submitted Consent to Join forms for one or more of the collective actions[2]. *Id.* Of those 119 individuals, 60 were to be represented by Console Mattiacci. *Id.* The remaining 59 individuals did not indicate whether they were represented by an attorney or intended to represent themselves. The notice and Consent to Join form failed to provide opt-in plaintiffs instructions on how to inform Console Mattiacci of their choice in legal representation. *See* ECF 115 (*Donofrio*). Under the circumstances, it is presumed that the plaintiffs who did not communicate about their choice of legal representation, chose to proceed *pro se*. *Id.*

On May 27, 2020, I held a conference with Console Mattiacci and counsel for IKEA on their joint discovery plan. I quickly ended the conference when it was apparent to me that none of the unrepresented class members were present on the call. I immediately reconvened the attorneys on May 29, 2020 to discuss how to proceed with the high number of *pro se* opt-in plaintiffs. I expressed serious concern that the collective actions would be unmanageable with such a high number of unrepresented class members[3]. I allowed the parties to brief the issue as to how to proceed. On June 17, 2020 both parties submitted briefs. *See* ECF No. 178 (*Donofrio*); ECF No. 179 (*Donofrio*).

On July 9, 2020, Donofrio moved to send a supplemental notice to unrepresented class members regarding their legal representation. *See* Mot. for Supp. Notice 1-2, ECF 182 (*Donofrio*). Because of the management concerns posed by *pro se* opt-in plaintiffs, I will grant Donofrio's Motion for Supplemental Notice. To remain in the collective action, the notice will require that the opt-in class members be represented by Console Mattiacci or an attorney of their

---

[2] 122 have now individuals submitted Consent to Join forms in one or more of the collective actions. 67 of those individuals are represented by Console Mattiacci.

[3] At the time, Donofrio objected to any attempts to prohibit class members to proceed *pro se* and I ultimately allowed the parties to brief the issue.

choice. If any opt-in plaintiff chooses not to be represented by an attorney, he or she will be unable to participate in the collective action. Opt-in plaintiffs that do not choose to be represented by a lawyer, may pursue a separate, individual action. Opt-in plaintiffs must be warned that they may lose rights if they pursue a separate, individual action. Because of the statute of limitations, individual actions may be time-barred.

## II. DISCUSSION

Donofrio requests the court to permit a notification directed solely to unrepresented class members instructing them that to participate in this collective action they must be represented by Console Mattiacci or they must hire a separate lawyer. *See* Mot. for Supp. Notice 1-2, ECF No. 182 (*Donofrio*). IKEA proposes a notice to clarify whether the unrepresented opt-in plaintiffs actually intend to proceed *pro se*. *See* Opp. to Mot. for Supp. Notice 1, ECF 183 (*Donofrio*). IKEA contends it is premature to assume that the unrepresented class members plan to proceed without a lawyer. *Id.* Additionally, IKEA takes the position that opt-in plaintiffs have the right to represent themselves and any prohibition on *pro se* class members would be inconsistent with prevailing law. *Id.*

The period of conditional certification of a collective action is "an exercise of a district court's discretionary authority to oversee and facilitate the notice process." *Halle v. West Penn Allegheny Health System Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (citing *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012), in turn citing *Hoffmann-La Roche*, 493 U.S. at 165). During conditional certification, district courts "oversee the joinder" of opt-in plaintiffs and that responsibility authorizes this Court to permit a notice to manage unrepresented class members. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). During this notice process, the district court "has a managerial responsibility to oversee the joinder of additional

parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-La Roche*, 493 U.S. at 171. As manager, the court must ensure the notice and joinder process is "orderly" and "sensible." *Id.* at 170. The efficient functioning of a collective action depends on the court's careful oversight. *Id.* (noting the advantages of a collective action, including lower costs for individuals and judicial efficiency, "depend on employees receiving accurate and timely notice").

The managerial responsibility of courts in collective actions is of particular relevance in this case. To date, nearly half of all class members are *pro se*. While these unrepresented class members have opted-in to the collective class, they have not participated in any conferences or presented a discovery plan. As opt-in plaintiffs, the unrepresented class members would be required to participate in every stage of the collective action. Yet, the prospect of their participation creates serious management and organizational concerns. Without intervention now, there is a great potential for continued delay, confusion, and disorder.

Both Donofrio and IKEA acknowledge the considerable discretion of the district court in the notice and joinder process, including over the communication to class members. *See* Mot. for Supp. Notice 2, ECF No. 182 (*Donofrio*); *See* Opp. to Mot. for Supp. Notice 6, ECF 183 (*Donofrio*). Donofrio and IKEA differ in how this Court should exercise its discretion and managerial responsibility. Whereas Donofrio proposes a notice to instruct *pro se* members that they must have a lawyer, either by joining counsel for Named Plaintiff or by hiring their own counsel, IKEA maintains that any such direction would be "premature." Opp. to Mot. for Supp. Notice 2, ECF 183 (*Donofrio*). IKEA argues that "because it is unknown at this time how many (if any) currently unrepresented opt-in plaintiffs may affirmatively choose to represent themselves in this case, it would be premature for the Court to determine whether or not such

opt-in's participation in this case *pro se* would render joinder of that individual (or individuals) inefficient or unmanageable." *Id.*

Yet, the three collective actions are already inefficient. This Court conditionally certified Donofrio's case on May 19, 2019 and conditionally certified Antonelli's case and Paine's case on January 23, 2020. *See* ECF No. 71 (*Donofrio*); ECF No. 36 (*Antonelli*); ECF No. 45 (*Paine*). Since then, the collective actions have effectively stalled due to the inability to manage the *pro se* opt-in plaintiffs. To do as IKEA suggests and send a notice that merely inquires how the unrepresented class members intend to proceed, but gives no direction on whether *pro se* class members can continue, would only create further delay and confusion.

Furthermore, IKEA objects to Donofrio's proposed notice on the grounds that opt-in plaintiffs have a right to continue without representation. IKEA's argument is predicated on the notion that opt-in plaintiffs to a collective class are party plaintiffs, and like any other plaintiff should be able to proceed *pro se*. The Third Circuit opinion in *Halle v. West Penn Allegheny Health System, Inc.* is instructive. In *Halle*, the Third Circuit held that opt-in plaintiffs to a collective action did not have the right to appeal decertification and the dismissal of the named plaintiff's case. 842 F.3d at 227-29. In doing so, the Third Circuit rejected opt-in plaintiffs' argument that because they were party plaintiffs they had full rights to appeal. The court acknowledged a lack of clarity on what "party status" means during conditional certification "before a district court has considered whether those who have filed consent forms are in fact "similarly situated" to the named plaintiff for purposes of § 216(b)." *Id.* at 225. "The statute [§ 216(b)] establishes that it is, at a minimum, necessary to file a written consent in order to become a party-plaintiff, but it is silent as to whether filing such a consent, without more is sufficient to confer that status." *Id.* n.10.

Ultimately, the court reasoned that whatever status conditional certification confers, it does not entitle opt-in plaintiffs to appellate rights. *Id.* at 227-28. This suggests that the party status of opt-in plaintiffs has significant limitations. If opt-in plaintiffs do not even have the right to appeal, they certainly have no right at this stage of the litigation to remain *pro se* or to object to a notice requiring members to have a lawyer. While no court seems to have directly addressed the issue of whether opt-in plaintiffs have the right to proceed *pro se*, many courts have approved notices that do not give opt-in plaintiffs the option to represent themselves.[4]

Indeed, courts across jurisdictions have approved notices that instruct opt-in plaintiffs to choose the named plaintiff's counsel or hire counsel of their own. *See, e.g., Weirbach v. Cellular Connection, LLC*, No. 5:19-cv-05310-JDW, 2020 LEXIS 144497, *17 (E.D. Pa. Aug. 12, 2020) (informing opt-in plaintiffs that they can hire counsel and if they do not, will be given the counsel of the named plaintiff). Some courts have even required opt-in plaintiffs to proceed only with named plaintiffs' counsel. *See, e.g., Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. Feb. 20, 2009) (mandating opt-in plaintiffs proceed with named plaintiffs' counsel). Donofrio and IKEA both acknowledge that district courts have approved notices with a range of options for opt-in plaintiffs in regards to legal representation. *See* Mot. for Supp. Notice 3-4, ECF 182 (*Donofrio*) (citing cases where opt-in plaintiffs were given no option to proceed *pro se*); Opp. to Mot. for Supp. Notice 4, ECF 183 (*Donofrio*) (citing cases where notices informed opt-in plaintiffs they could proceed *pro se* or could hire counsel). This variation is consistent with the principle that the notice process is an exercise of the district court's discretion and managerial responsibility to "oversee the joinder" of class members in a manner the court sees fit. *Hoffmann-La Roche*, 493 U.S. at 171. Because of this discretion and accompanying

---

[4] In all collective actions prior to this one, I have approved notices where opt-in plaintiffs have the option to proceed with named plaintiff's counsel or to hire their own counsel, but not to proceed *pro se*.

responsibility, it is appropriate to send a notice instructing opt-in plaintiffs that they cannot continue in this collective action without a lawyer[5].

## III.  CONCLUSION

For the reasons set forth above, I will grant Donofrio's Motion to Permit Supplemental Notice. The notice will require unrepresented members to either join Console Mattiacci or hire an attorney to remain in the collective actions. If an opt-in plaintiff chooses not to be represented by counsel, he or she cannot participate in the collective actions. The opt-in plaintiff will retain the ability to pursue an independent action warned of any associated risks.

                                                 s/ANITA B. BRODY, J.
                                                 ANITA B. BRODY, J.

---

[5] Again, opt-in plaintiffs that do not choose Console Mattiacci or hire their own lawyer may pursue an independent action, but must be warned that they may lose rights when doing so.