IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK DONOFRIO, *on behalf of himself individually and on behalf of those similarly situated*, | : : : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 18-599 |
| IKEA US RETAIL, LLC, | : | |
| Defendant. | : | |
| | | |
| WILLIAM V. ANTONELLI, JR., *on behalf of himself individually and on behalf of those similarly situated*, | : : : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 19-1286 |
| IKEA HOLDING US, INC., *et al.*, | : | |
| Defendants. | : | |
| | | |
| BRANDON PAINE, *on behalf of himself individually and on behalf of those similarly situated*, | : : : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 19-723 |
| IKEA HOLDING US, INC., *et al.*, | : | |
| Defendants. | : | |

**July 22, 2024**                                                                                             Anita B. Brody, J.

**<u>MEMORANDUM</u>**

On May 6, 2024, this Court granted Plaintiffs' Motion for Sanctions[1] against Defendant IKEA[2] because IKEA engaged in spoliation of evidence and violated a court order. *See* ECF No. 379.[3] Pursuant to Rule 37(e)(1) and Rule 37(b)(2)(C), this Court ordered that:

> IKEA must pay Plaintiffs' reasonable attorneys' fees and expenses incurred in connection with Plaintiffs' Motion for Sanctions (ECF No. 312), beginning with Plaintiffs' January 2023 communications with IKEA to attempt to address IKEA's

---

[1] *Donofrio* (18-599), ECF No. 312; *Antonelli* (19-1286), ECF No. 239; *Paine* (19-723), ECF No. 266.
[2] Defendants include IKEA US Retail, LLC, IKEA Holding US, Inc., and IKEA North America Services, LLC (collectively, "IKEA"). *Donofrio* is brought only against IKEA US Retail, LLC. *Paine* and *Antonelli* are brought against IKEA Holding US, Inc., IKEA US Retail, LLC, and IKEA North America Services, LLC. *See Paine*, ECF No. 1; *Antonelli*, ECF No. 1.
[3] Unless otherwise specified, citations are to ECF filing numbers in *Donofrio* only.

1

incomplete 2022 productions, and including the evidentiary hearing on Plaintiffs' Motion for Sanctions held on December 20, 2023 and January 29, 2024 and all subsequent briefing in connection with this Motion.

*Donofrio v. Ikea US Retail, LLC*, No. CV 18-599, 2024 WL 1998094, at *38 (E.D. Pa. May 6, 2024). The Court further ordered Plaintiffs' counsel, Console Mattiacci, LLC (hereinafter "CML") to submit a documented, itemized request for fees and expenses incurred in connection with the Motion for Sanctions. *Id*.

Plaintiffs' Documented, Itemized Request for Fees and Expenses (ECF No. 387) requests fees in the amount of $644,212 and expenses of $434.64. IKEA filed a response in opposition to Plaintiffs' request for fees, challenging the reasonableness of the time and rates requested. ECF No. 392.

I.   DISCUSSION

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Under Rule 37, courts utilize the lodestar method to calculate an award of expenses and attorney's fees. *See Ganoe v. Austin*, No. 1:20-CV-00663, 2023 WL 4029871, at *2 (M.D. Pa. June 15, 2023). Under this method, calculating attorney's fees involves multiplying the number of hours reasonably expended on an action by a reasonable hourly rate. *Stover v. Riley*, 30 F. Supp. 2d 501, 504 (E.D. Pa. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar is presumed reasonable. *Washington v. Philadelphia Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). Nevertheless, the Court has a "positive and affirmative function in the fee fixing process" and should exercise its discretion to exclude unreasonable hourly rates and hours in light of the results obtained. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001); *see also Elizabeth S. v. Sch. Dist. of Philadelphia*, No. 11-1570,

2

2012 WL 2469547, at *2 (E.D. Pa. June 28, 2012) ("[O]nce the lodestar has been calculated, the court may adjust it downward in light of the results obtained.") (citing *Hensley,* 461 U.S. at 434–37).

"Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Maldonado*, 256 F.3d 181, 184 (3d Cir. 2001) (citing *Blum v. Stenson*, 465 U.S. 886 (1984)). To make this determination, "the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode*, 892 F.2d at 1183 (citation omitted). "The starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (citations omitted). Plaintiffs bear the burden of producing "satisfactory evidence in addition to the attorney's own affidavits that the requested hourly rates . . . meet this standard." *Maldonado*, 256 F.3d at 184 (cleaned up).

The Third Circuit has endorsed the fee schedule promulgated by Community Legal Services of Philadelphia ("CLS") as "well developed" and "a fair reflection of the prevailing market rates in Philadelphia." *Maldonado*, 256 F.3d at 187–88. The CLS fee schedule was most recently updated for an effective date of January 19, 2023. *See* ECF No. 387-11, Ex. H. Some district courts in the Third Circuit have adjusted the CLS fee schedule rates upwards to account for inflation. *See, e.g., Earley v. JMK Associates*, No. 18-CV-760, 2020 1875535, at *2 (E.D. Pa. Apr. 15, 2020) (McHugh, J.) (adjusting hourly rates by five percent annually). I will take such an adjustment into account in fixing appropriate hourly rates.

Because the lodestar is presumptively reasonable, "[t]he party seeking [downward]

adjustment has the burden of proving that an adjustment is necessary." *Rode*, 892 F.2d at 1183. "The district court cannot decrease a fee award based on factors not raised at all by the adverse party." *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 150 (3d Cir. 2009) (quoting *Rode*, 892 F.2d at 1183).

IKEA challenges Plaintiffs' request for fees on the grounds that the hourly rates of three CML attorneys are unreasonable and should be lowered.[4] IKEA also challenges the content and manner of Plaintiffs' submitted time entries. IKEA's objections will be addressed in turn.

**A. Hourly rates will be reduced**

IKEA challenges the requested rates of three of Plaintiffs' attorneys. Stephen Console, Esquire, the founder and co-managing member of CML, has been practicing law since 1982 and worked 13 hours in connection with the sanctions motion, at a requested rate of $960 per hour, which amounts to a lodestar of $12,480. ECF No. 387 at 3. *See* ECF No. 387 at 3. Laura Mattiacci, Esquire, co-managing member of CML, has been practicing law since 2002 and worked 118 hours in connection with the sanctions motion, at a requested rate of $900 per hour, which amounts to a lodestar of $106,200. *Id*. Susan Saint-Antoine, a partner with primary responsibility for pre-trial litigation of this case and who has been practicing law since 1989, worked 543.9 hours in connection with the sanctions motion, at a requested rate of $860 per hour, which amounts to a lodestar of $467,754. *See id*., at 3, 7.

As IKEA and this Court both recognize, Plaintiffs' counsel "maintains an excellent reputation in the Philadelphia employment law community." ECF No. 392 at 30 n.17. Plaintiffs'

---

[4] IKEA "does not dispute the hourly rates of Caren Gurmankin" because IKEA argues that Gurmankin "is not entitled to any compensation for the nine hours she billed to this matter." ECF No. 392 at 30 n.18. IKEA "does not dispute the hourly rates of Kallenbach, Provorny, or the three paralegals (when those individuals were actually performing non-clerical *legal* work) because based on their knowledge of the market, IKEA finds these rates to be a reasonable reflection of Philadelphia-area rates for employment law work." *Id.*

counsel provided exceptional legal work in this case and brought IKEA's non-compliance to the Court's attention through a thoroughly briefed and argued Motion for Sanctions.

Plaintiffs submitted declarations from Mr. Console, Ms. Mattiacci, and Ms. Saint-Antoine attesting to the reasonableness of the requested rates, and submitted the CLS fee schedule effective January 19, 2023. *See* ECF No. 387, Ex. C, D, E, H. As IKEA points out, however, CML does not submit comparator affidavits to swear that CML's requested rates are reasonable. *See Middlebrooks v. Teva Pharms. USA, Inc.*, No. CV 17-412, 2019 WL 936645, at *12 (E.D. Pa. Feb. 26, 2019) ("We appreciate Console Mattiacci may tout being the best employment lawyers and deserve a premium; their comparator affiants do not so swear and we do not measure the reasonableness of fees based on the attorney's own newspaper clippings or say-so.").

Regarding Mr. Console, IKEA argues that "the vague time entries submitted by Console make clear that he only served in a consulting manner—at least with regard to the sanctions motion." ECF No. 392 at 31. Indeed, all but one of Mr. Console's entries refer to meetings with co-counsel, suggesting that his role with regard to the sanctions motion was limited to providing consulting and supervisory services. *See* ECF No. 387-4, Ex. A at 6. In *Giedgowd v. Cafaro Grp., LLC*, No. CV 20-6184, 2021 WL 4963532 (E.D. Pa. Oct. 26, 2021)*,* Judge Kearney lowered Mr. Console's requested rate from $960 to $650 per hour because his submitted "sworn statements by two well-known and regarded comparator attorneys in the Philadelphia market do not attest to Founder Console's requested hourly rate being reasonable as a consultant in this case." 2021 WL 4963532 at *5.

IKEA requests that the Court "set the hourly rate for Mr. Console, Ms. Mattiacci, and Ms. Saint-Antoine at no more than $715 per hour—an amount that is well above the regular hourly rate charged by the most senior of attorneys at employment law firms like Ogletree." ECF No. 392 at

33. The CLS 2023 fee schedule sets an hourly rate of $735–$850 for attorneys with more than 25 years of experience. *See* ECF No. 387-11, Ex. H at 3. For attorneys with between 21 and 25 years of experience, like Ms. Mattiacci, the 2023 CLS schedule lists a range of $630–$715. *Id*. Adjusted upwards by 5 percent to account for inflation, these ranges translate to $771.75–$892.50 for more than 25 years of experience and $661.50–$750.75 for 21 to 25 years of experience. *See, e.g., Ismail v. IHI Power Servs. Corp.*, No. CV 20-4801, 2023 WL 3689608, at *4 (E.D. Pa. May 25, 2023) (approving 5 percent annual increase in attorney hourly rate to account for inflation).

In 2022, when CML submitted a fee petition after prevailing on age discrimination claims against Defendant AT&T Mobility Services, LLC, Magistrate Judge Rice reduced the hourly rates of attorneys Console, Mattiacci, and Saint-Antoine to $700 to "reflect the prevailing market rates of similar employment attorneys in the Philadelphia community." *Ray v. AT&T Mobility Servs., LLC*, No. 18-3303, 2022 WL 1203730, at *1 (E.D. Pa. Apr. 22, 2022). Magistrate Judge Rice reasoned that "Saint-Antoine and Mattiacci are entitled to the same rate as fellow shareholder, Console, who served solely as a consultant on the case," based on Saint-Antoine and Mattiacci's "exceptional legal work in this case" and the historical and persisting discrepancies in pay equality such that "women in law earn less than their male counterparts." *Id.* at *3. "Attorneys of comparable skill and ability merit equal compensation without regard to gender or age." *Id.* at *1.

Accordingly, I find that the bottom range of the CLS fee schedule for attorneys with more than 25 years of experience, adjusted for inflation, to be reasonable for all three attorneys. Therefore, I will reduce the requested rates for Mr. Console, Ms. Mattiacci, and Ms. Saint-Antoine to $771.75 per hour to reflect the prevailing market rates of similar employment attorneys in the Philadelphia community and to properly award attorneys of comparable skill and ability equal compensation without regard to gender or age.

As Mr. Console billed 13 hours in connection with the sanctions motion, recalculation of his total fees at this new hourly rate reduces the lodestar by $2,447.25 ((13 * $960) - (13 * $771.75)). Ms. Mattiacci billed 118 hours in connection with the sanctions motion, so recalculation of her total fees at this new hourly rate reduces the lodestar by $15,133.50 ((118 * $900) - (118 * $771.75)). Ms. Saint-Antoine billed 543.9 hours in connection with the sanctions motion, recalculation of her total fees at this new hourly rate reduces the lodestar by $47,999.18 ((543.9 * $860) - (543.9 * $771.75)). In total, the reduction of the hourly rate for these attorneys reduces the lodestar by $65,579.93.

### B. Other Objections

IKEA makes a number of other objections to Plaintiffs' request for fees, including that Plaintiffs' billing records are non-contemporaneous, the entries are vague and lack "reasonable correlation between the various activities listed," and the hours worked were not reasonably expended or are otherwise redundant or unnecessary. *See* ECF No. 392 at 2, 6–33.

IKEA argues that CML's records are reconstructed, non-contemporaneous records, *see* ECF No. 392 at 6, because some block entries were edited to exclude time and work spent on matters unrelated to sanctions. *See* ECF No. 387 at 3–4. The Court accepts Plaintiffs' representation that the contemporaneous time entries were edited in good faith to exclude entries for work that was not performed in connection with Plaintiffs' motion for sanctions, and included only those items as ordered by the Court. *See* ECF No. 387-8 ¶¶ 16–22. I will not reduce the lodestar on this ground.

IKEA argues that the billing entries are vague and not specific enough for the Court to determine whether the hours billed are reasonable. The Third Circuit has held that time entries must "be specific enough to allow the district court to determine if the hours claimed are

7

unreasonable for the work performed." *Washington v. Phila. Cty. Ct. of Com. Pl.*, 89 F.3d 1031, 1037 (3d Cir. 1996) (internal quotations omitted). "[A] fee petition should include 'some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates.' However, 'it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.'" *Rode,* 892 F.2d at 1190 *(*citing *Lindy Bros. Builders, Inc. of Philadelphia,* 487 F.2d 161, 167 (3d Cir. 1973))*.* Upon review of Plaintiffs' motion for fees, Plaintiffs' time entries meet the Third Circuit's standard for specificity. Accordingly, I will not reduce the number of hours on grounds of lack of specificity.

IKEA objects to Plaintiffs requesting $8,469 in fees for hours spent in March 2023 working on a Motion to Compel Discovery that was never filed. ECF No. 392 at 24. As detailed in this Court's memorandum granting Plaintiffs' Motion for Sanctions, in the first several months of 2023, Plaintiffs were attempting to confirm with IKEA the status of its production of documents and why no emails were produced from certain custodians. *See Donofrio v. Ikea US Retail, LLC*, No. CV 18-599, 2024 WL 1998094, at *11–12 (E.D. Pa. May 6, 2024). In a March 9, 2023 letter, Plaintiffs' counsel advised IKEA's counsel that absent confirmation that the emails were searched and responsive documents produced by March 17, 2023, Plaintiffs would file a motion with the Court. *See id.;* ECF No. 313-11, Ex. A-19. IKEA responded by letter on March 17, 2023, but did not fully answer the questions posed. *See* ECF No. 313-11, Ex. A-20. Plaintiffs' Motion for Sanctions followed. ECF No. 312. Plaintiffs were instructed to submit a request for fees and expenses incurred in connection with the Motion for Sanctions, "beginning with Plaintiffs' January 2023 communications with IKEA to attempt to address IKEA's incomplete 2022 productions."

8

ECF No. 379.

While it is understandable that Plaintiffs expended time preparing a motion in conjunction with their "communications with IKEA to attempt to address IKEA's incomplete 2022 productions," *id.*, Plaintiffs did not file a Motion to Compel with the Court, and time spent preparing such a motion will be excluded from Plaintiffs' fee award. The work on the unfiled Motion to Compel was conducted by Ms. Saint-Antoine and CML associate Evelyn Kallenbach, who requests an hourly rate of $230 an hour. ECF No. 387 at 14. Ms. Kallenbach's entries on March 16, 2023 (3.8 hours), March 17, 2023 (4.5 hours), March 20, 2023 (4.2 hours), March 22, 2023 (3 hours), and March 28, 2023 (3 hours) documenting work on the motion to compel will be excluded. *See* ECF No. 387-4, Ex. A at 3. Ms. Saint-Antoine's entries on March 17, 2023 (.1 hour) and March 31, 2023 (2 hours) will be excluded.[5] *See* ECF No. 387-4, Ex. A at 6–7. This reduces the lodestar by $5,875.68 (18.5 hours * $230) + (2.1 hours * $771.75).

IKEA objects to two entries that appear to be "double-billed." *See* ECF No. 392 at 29. Ms. Kallenbach has two identical entries for April 12, 2023 for 5.2 hours of work on "Research on spoliation sanctions." ECF No. 387-4, Ex. A at 3. One of these entries appears to have been submitted by CML in error, and therefore one entry will be struck. This reduces the lodestar by $1,196 (5.2 hours * $230).

IKEA objects that two of Saint-Antoine entries—1 hour on July 12, 2023 and 1 hour on July 16, 2023—related to submitting corrections to her own declaration. *See* ECF No. 392 at 29;

---

[5] Ms. Saint-Antoine's entry on March 15, 2023 for 2.8 hours on work to "Review ESI and select documents for examples for Ixtabalan, Brody and Olaffson; email EK regarding same to include in motion to compel" will not be excluded because this entry clearly also translated to the filed Motion for Sanctions. *See* ECF No. 387-4, Ex. A at 6. Similarly, the Court will not exclude Ms. Saint-Antoine's entry on March 20, 2023 for 2.5 hours of work to "Read correspondence from opposing counsel regarding ESI production/custodians; review supplemental ESI production; emails Hope Rodman, Legal Assistant, Arion Citrion, Legal assitant [sic] regarding format issues; telephone conference with EK regarding motion to compel; correspondence to opposing counsel regarding ESI production/custodians; email E. Santoro regarding format of ESI supplemental production." *Id*. at 7.

ECF No. 387-4, Ex. A at 8. The Court will exclude these entries from Plaintiffs' fee award. This results in a reduction of $1,543.50 (2 hours * $771.75).

IKEA objects that Caren N. Gurmankin, a partner with CML, seeks $3,720 for six hours for attending the evidentiary hearing on January 29, 2024. *See* ECF No. 387-4, Ex. A at 8. As IKEA points out, Gurmankin did not participate in or speak at the hearing, *see* ECF No. 392 at 21, and thus this time entry will be struck from the fee petition. Gurmankin seeks an hourly rate of $620. ECF No. 387 at 14. Accordingly, the lodestar is reduced by $3,720 (6 hours * $620).

While IKEA raises numerous other minor objections to Plaintiffs' fee petition, the Court is cognizant that fee petitions "should not result in a second major litigation." *Hensley*, 461 U.S. at 437. The Court is satisfied that the remainder of Plaintiffs' petition is reasonable.

## II.   CONCLUSION

For the reasons outlined above, I will grant Plaintiffs' Documented, Itemized Request for Fees and Expenses (ECF No. 387). In summary, the Plaintiffs' original request for $644,212 in fees is reduced as follows:

- $65,579.93 (for the reduction of the hourly rates of Mr. Console, Ms. Mattiacci, and Ms. Saint-Antoine);
- $5,875.68 (excessive hours spent on Motion to Compel);
- $1,196.00 (5.2 hours excluded for double billed entry);
- $1,543.50 (2 hours excluded for correcting declaration);
- $3,720.00 (6 hours excluded for attending evidentiary hearing).

Accounting for these reductions, the lodestar is $566,296.89. Accordingly, Plaintiffs will be awarded $566,296.89 in fees and $434.64 in expenses.

                                           _s/ANITA B. BRODY, J._____
                                           ANITA B. BRODY, J.